UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAEWOO LOGISTICS CORP.,                :    08 Civ. 1293 (PKL)
                                       :
                Plaintiff,             :
                                       :    ECF CASE
    - against -                        :
                                       :
J.K. INTERNATIONAL PTY. LTD.,          :
                                       :
                Defendant.             :
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, DAEWOO LOGISTICS CORP., ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, J.K. INTERNATIONAL PTY. LTD., ("Defendant") alleges, upon information and belief, as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.  At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Korea.

3.  Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Australia.

4.  At all material times, Plaintiff was the disponent Owner of the motor vessel "TRUST FORTUNE" (hereinafter the "Vessel").

5.  By a charter party dated August 25, 2007, Plaintiff chartered the Vessel to Defendant for the purpose of carriage by water of any lawful cargoes.

6.  During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay hire due and owing under the charter party contract.

7. As a result of Defendant's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $197,153.84, exclusive of interest, arbitration costs and attorneys fees.

8. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

9. Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to Plaintiff.

10. Thus, Plaintiff is preparing to commence arbitration proceedings against Defendant on its claims.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts in an arbitration award conducted pursuant to English law:

| | | |
|---|---|---|
| A. | Principal claim: | $197,153.84; |
| B. | Interest on claims:<br>3 years at 7.5%, compounded quarterly | $49,232.54; |
| C. | Estimated attorneys' fees and expenses: | $125,000; and |
| D. | Estimated arbitration costs: | $75,000. |
| Total: | | **$446,386.38** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$446,386.38** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Plaintiff its attorney's fees and costs of this action; and

G.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: February 8, 2008
       New York, NY

                        The Plaintiff,
                        DAEWOO LOGISTICS CORP.

By: _____
    Kevin J. Lennon

LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
kjl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    February 8, 2008
          New York, NY

                                          /s/ Kevin J. Lennon
                                          Kevin J. Lennon